UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

In Re:   ANGELA DABBRACCIO-TITUS,

                Debtor.

_____

CRAIG C. HUMPLEBY,

                Appellant,

      -against-                                      5:12-CV-1313 (LEK)

UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN
DISTRICT OF NEW YORK UTICA
DIVISION,

                Appellee.

_____

## **<u>DECISION and ORDER</u>**

**I.**    **INTRODUCTION**

       Appellant Craig Humpleby ("Appellant"), counsel for Angela Debbraccio-Titus ("Debtor"), the Chapter 13 Debtor below, appeals a decision of the U.S. Bankruptcy Court for the Northern District of New York denying Appellant's application for compensation ("AFC").  Dkt. No. 1-2 at 1.  Debtor's Chapter 13 case was not "confirmed" by the New York State Department of Taxation and Finance ("NYSDTF"), and Appellant did not meet his burden of proving that he is entitled to compensation above what he was paid at the outset of the case.  AFC Transcript from June 28, 2011 (Dkt. No. 2-9) ("Tr. B") at 3.  The Court affirms the bankruptcy court's ruling and denies Appellant's appeal to recover additional fees.

**II.     BACKGROUND**

**A. Factual History**

On October 26, 2011, Appellant submitted a Chapter 13 bankruptcy plan to the NYSDTF on behalf of his client, Dabbraccio-Titus.  Dkt. No. 2-3 at 1.  Debtor owns a pizzeria in Norwich, New York, and filed a plan for Chapter 13 bankruptcy agreeing to pay the Trustee "not less than $120,000.00" as a result of unpaid New York State taxes totaling $89,136.29 and interest of 14 percent.  Id.  On January 5, 2012, a confirmation hearing was held by the NYSDTF, which submitted that Debtor's plan should not be confirmed.  Dkt. No. 2-4 at 1.

Debtor agreed to pay Appellant a total flat fee of $3,700.00 by the end of the case for all legal services.  Dkt. No. 2-2 at 4.  Debtor paid Appellant $1,226.00 of the fee prior to filing.  Dkt. No. 2-2 at 4.  After the NYSDTF denied confirmation of the plan, Appellant requested that the Trustee pay him the remaining $2,474.00.  Dkt. No. 2-1 at 9.  Maxsen Champion, staff attorney for the Trustee, requested that Appellant's "motion for additional attorneys fees be supplemented with time records."  Dkt. No. 2-11 at 2.  As a result, Appellant filed an AFC with the bankruptcy court.  AFC Transcript from May 31, 2012 (Dkt. No. 2-10) ("Tr. A") at 2.  On May 31, 2012, the Honorable Diane Davis, U.S. Bankruptcy Judge, adjourned the initial AFC proceeding so that: (1) Appellant and the NYSDTF might be able to revise and present a confirmable plan to the court;[1] and (2) Appellant could present time records or an hourly breakdown of his work to the court.  Id.  After the adjournment, Appellant reported that negotiations with NYSDTF were unsuccessful and that confirmation of Debtor's Chapter 13 plan was "not going to happen."  Tr. B at 2.  Appellant

---

[1] A confirmable plan would constitute court approval of Appellant's flat fee.  See Local Bankruptcy Rule 2016-2(a).

2

provided no time records.  See Tr. B.  Judge Davis therefore denied Appellant's AFC pursuant to 11 U.S.C. § 330.  AFC Denial Order (Dkt. No. 2-5) ("AFC Denial") at 1.  Appellant then appealed Judge Davis's decision.  Dkt. No. 1-3 at 1.

### B. Decision Below

At the initial AFC proceeding on May 31, 2009, Judge Davis explained that when an attorney accepts a flat fee, the maximum allowable legal fee for services rendered to the debtor when "a Chapter 13 case is filed in the Utica Division of the Northern District of New York" is $3,700.00.[2]  Dkt. No. 2 at 1.  She then observed "[t]he $3,700.00 is from cradle to grave and we've barely got up walking."  Tr. A at 9.  Because Debtor's plan was not confirmed, Appellant's fee was not automatically approved by the bankruptcy court and was subject to scrutiny by Judge Davis, who ultimately denied the flat fee.  11 U.S.C. § 330; Local Bankruptcy Rule 2016-2; see also Tr. B.

In a Chapter 13 case, "[t]he [c]ourt may set a hearing sua sponte to review the attorney's fee requested, which may be scheduled at the same time as the confirmation hearing."  Local Bankruptcy Rule 2016-2(a).  Judge Davis did just that and instructed Appellant to provide time records at the subsequent AFC proceeding.  Tr. A at 9.  Judge Davis explained to Appellant that in an unconfirmed case the court determines whether a fee is reasonable.  Tr. B at 11; Local Bankruptcy Rule 2016-2.  "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement or order the return of any such payment to the extent excessive."  11 U.S.C. § 329(b).  Judge Davis did not order Appellant to return any of the $1,226.00 he had received initially.  See Tr. B.

---

[2] The attorney can opt for an hourly fee instead of the flat fee.  Appellant did not.  Dkt. No. 2 at 1.

3

After the AFC proceeding was adjourned for the two reasons listed *supra*, Appellant submitted no time records to the court. Tr. B at 3. As a result, Judge Davis said, "[t]he court provided you with an opportunity to give it time records because this is an unconfirmed case . . . so under [11 U.S.C. § 330] I need to know that what has been done so far was reasonable and necessary. You chose not to do that." Id. at 11. Judge Davis then denied Appellant's motion for compensation. AFC Denial at 1.

### III. STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.), 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

### IV. DISCUSSION

#### A. Reasonableness Determination

There are two primary issues in the present case. First, whether there is a requirement to pay a flat fee in a case that has not been confirmed, and second, whether $3,700.00 was nevertheless reasonable compensation for Appellant. These issues are discussed concurrently.

Although confirmation of a Chapter 13 plan is not a requirement to receive a flat fee, in any

4

case—confirmed or unconfirmed—there should be "sufficient detail to demonstrate compliance with the standards set forth in 11 U.S.C. § 330." 28 C.F.R. § 58 app. A, pt. B; Dkt. No. 2 at 1. The standard in 11 U.S.C. § 330(a)(3) states:

> When determining the reasonableness of the compensation requested, a court: shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Judge Davis had the authority and independent obligation to assess the reasonable value of fees requested by Appellant. In re Lewis, No. 10-30305, 2012 WL 5880467, at *2 (Bankr. N.D.N.Y. Nov. 20, 2012); see also In re Moukazis, 479 B.R. 247, 248 (Bankr. E.D.N.Y. 2012) ("[T]he court has a duty to determine the reasonableness of attorneys' fees regardless of whether a party in interest objects to them."); FED. R. BANKR. P. 2016(b), 2017(b). If the compensation sought is considered excessive, the bankruptcy court is authorized to override the agreed-upon payment between counsel and debtor. 11 U.S.C. § 329(b). Additionally, "[t]he burden of proof on all issues under [Bankruptcy] Code § 329 rests with debtor's counsel." In re Lewis, 2012 WL 5880467, at *2 (citing In re Underground Utils. Constr. Co., Inc., 13 B.R. 735, 737 (Bankr. S.D. Fla. 1981)). However, Appellant did not meet his burden of proving that the compensation he sought was reasonable. See id. at *2.

In unconfirmed cases, the attorney is not guaranteed a flat fee and has the burden of proving that his fees are reasonable. In re Moukazis, 479 B.R. at 248; see also FED. R. BANKR. P. 2016(b), 2017(b). "[T]he court may allow reasonable compensation to the debtor's attorney . . . based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B); In re Moukazis 479 B.R. at 248. "The use of 'may allow' in the statute makes clear that whether fees are reasonable is a matter of the court's discretion." In re Moukazis, 479 B.R. at 248.

Appellant argues that it is the duty of the court to review any fee application under all factors listed in 11 U.S.C. § 330 for reasonableness. Appellant's Brief (Dkt. No. 4) ("Appellant's Br.") at 29. At the initial AFC proceeding, Judge Davis attempted to determine the reasonableness of Appellant's fee by asking him to provide time records of the work he completed on the case. Tr. A at 9. Appellant argued that he did not keep time records in the case because he was charging a flat fee. Id. at 8-9. However, Appellant had the burden of proving that the compensation he sought was reasonable and yet did not provide a scintilla of proof in relation to "the time spent on such services." 11 U.S.C. § 330(a)(3)(A); In re Lewis, 2012 WL 5880467, at *2.

In his brief, Appellant stated that he has filed approximately 3,000 bankruptcy cases, has 10 years of experience in bankruptcy law, and charges an hourly rate of between $250-$350. Appellant's Br. at 24. Furthermore, Appellant was aware of the § 330(a)(3) factors and yet made no attempt to provide the bankruptcy court with even a rough approximation of the time he or his paralegal worked on Debtor's case. Id. at 21-22; see also Tr. B. Without the clarity of even basic time records, the materials available are insufficient to establish that $3,700.00 is reasonable for Appellant's legal services. See 11 U.S.C. §§ 329, 330. Because Appellant made no effort to aid the

court with its decision and did not meet his burden of proving the reasonableness of his fee, Judge Davis properly denied Appellant's AFC.[3]  See Transcript B at 2-3, 11; In re Lewis, 2012 WL 5880467, at *2; Cohn v. U.S. Trustee (In re Ostas), 158 B.R. 312, 323 (N.D.N.Y. 1993).

### B. Appellant's Arguments

Appellant's brief presents five primary arguments: (1) that Judge Davis's decision did not consider all the required factors when determining the reasonableness of Appellant's fee request; (2) that the flat fee benefits the Court's administration and a majority of Chapter 13 debtors; (3) that "[t]he Court's explanation of its own Administrative Order appears to conflict with the language of the Order itself and also with Local Bankruptcy Rules 2016-2 and 2016-3 and with 11 U.S.C. § 329 and 11 U.S.C. § 330"; (4) that it is the duty of the court to review any fee application under all factors listed in 11 U.S.C. § 330 for reasonableness; and (5) that there is no requirement that a debtor's Chapter 13 plan be confirmed for a debtor's attorney to be paid his full flat fee. Appellant's Br. at 10, 21, 26, 28-29.

#### *1. Required Factors*

Appellant argues that Judge Davis's decision "did not consider all the required factors in determining the reasonableness of Appellant's fee request, but instead made the determination on the basis that the plan was not confirmed, that it was too early in the case, and that Appellant had not provided contemporaneous time records." Appellant's Br. at 21.  However, confirmation of a plan and time spent on the case are both factors to be considered when determining reasonableness.

---

[3] It is unfortunate that Debtor's plan could not be confirmed and that Appellant was not awarded his flat fee.  However, without additional information concerning the reasonableness of Appellant's fees, the Court is authorized and obligated to assess Appellant's request for additional compensation.  In re Lewis, 2012 WL 5880467, at *2.

11 U.S.C. § 330; Local Bankruptcy Rule 2016-2(a). Based on the 11 U.S.C. § 330 criteria, the Court finds that evidence of the time Appellant spent on Debtor's is lacking and that without more information the Court is unable to find that Appellant's fee was reasonable. The rate Appellant charged does not appear unreasonable for the Northern District of New York; however, because no information was provided as to the amount of time Appellant or his paralegal spent on the case, $3,700.00 is not justified. 11 U.S.C. § 330; Luessenhop v. Clinton County, 558 F. Supp. 2d 247, 267 (N.D.N.Y. 2008). The services rendered by Appellant were beneficial to Debtor and appear to have been performed within a reasonable amount of time given Appellant's demonstrated skill and experience in the bankruptcy field. 11 U.S.C. §§ 330(a)(3). However, notwithstanding the benefit Appellant's services provided, Appellant did not prove that the actual tasks undertaken were sufficiently complex as to warrant additional compensation. Id.

Appellant goes on to argue that the time he spent on Debtor's case would have been reasonable to earn the full fee if her plan had been confirmed. Appellant's Br. at 25-26. This point is uncompelling. Although a flat fee can be awarded to an attorney with an unconfirmed case, Judge Davis tried to seek a just ruling based on the reasonableness of Appellant's fee request specifically. See generally 11 U.S.C. §§ 329, 330; Local Bankruptcy Rule 2016-2. Moreover, the Court should only consider "*actual and substantive* legal services rendered on behalf of [Debtor,]" not "those which the attorney *might* need to render on behalf of [Debtor] at some time in the future." In re Thorn, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1995). Because Appellant did not provide enough information to the Court as to the reasonableness of the additional compensation sought, Appellant's argument is unpersuasive. See generally Dkt. No. 2.

*2. Flat Fee Benefits*

Appellant argues that the flat fee is a benefit to the bankruptcy court and Chapter 13 debtors because it allows attorneys "to focus on the important aspects of a [d]ebtor's case rather than on keeping complex time and billing records." Appellant's Br. at 26. However, Appellant's experience in bankruptcy law is sufficient to comprehend the potential consequence of not keeping time records of any kind. See generally Tr. B. Appellant also alleged that if "a $3700.00 flat fee is appropriate in uncomplicated cases that are confirmed, it is rather disingenuous that the Court does not believe that a $3700.00 flat fee is appropriate in a more complex case which . . . cannot be confirmed." Id. at 27. However, the complexity of a case alone does not justify a flat fee. See 11 U.S.C. § 330.

Moreover, the Record does not indicate that Debtor's case was sufficiently complex as to warrant additional compensation for Appellant. See generally Dkt. Nos. 2, 4. "[W]hen the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." In re Thorn, 192 B.R. at 56 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, (1983)). However, Appellant does not adjust his fees in light of the NYSDTF's denial of Debtor's plan. As a result, Judge Davis reviewed the reasonableness of Appellant's fee request and ultimately denied his AFC. AFC Denial at 1.

*3. Conflicting Language*

Appellant argues that "[t]he [c]ourt's explanation of its own Administrative Order appears to conflict with the language of the Order itself and also with Local Bankruptcy Rules 2016-2 and 2016-3 and with 11 U.S.C. § 329 and 11 U.S.C. § 330." Appellant's Br. at 28. Judge Davis's

9

statement that "[t]he administrative order is a cradle to grave fee for a case that is confirmed and goes through the life of the [Chapter 13 case]" is misleading, as unconfirmed cases can also receive a flat fee.  Tr. B at 3; Dkt. No. 2 at 1.  Regardless, as is discussed *supra*, legal fees in unconfirmed cases can and should be denied if deemed to be unreasonable.  Therefore, because Appellant did not meet his burden of proving that $3,700.00 was reasonable compensation for the services he provided Debtor, his appeal is denied.

> 4. *Duty to Review & Confirmation*

Appellant's fourth argument, that a reviewing court has a duty to review any fee application under all factors listed in 11 U.S.C. § 330 for reasonableness, and his fifth argument, that there is no requirement that a debtor's Chapter 13 plan be confirmed for a debtor's attorney to be paid a flat fee, are discussed *supra*.  See Part IV.A.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the July 9, 2012 decision of the bankruptcy court is **AFFIRMED** and the appeal is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:      July 31, 2013
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge